U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED LAFAYETTE

SEP 18 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

Joe Hand Promotions, Inc.

versus

Guillory, et al

Civil Action 14-00970

Judge Richard T. Haik, Sr.

Magistrate Judge C. Michael Hill

## JUDGMENT

Before the Court is plaintiff, Joe Hand Promotions, Inc.'s, Motion For Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) against Douglas Guillory, Lori Guillory, individually and as officers, directors, shareholders and/or principals of Rivals Sports Grill, LLC d/b/a Rivals ("Rivals") (collectively known as "Defendants"). [Rec. Doc. 9].

### *Background*

Plaintiff Joe Hand Promotions, Inc. ("Joe Hand") was granted the right to distribute the "UFC 130 Rampage v. Hamill" broadcast, scheduled for May 28, 2011 ("the Broadcast"). *R. 9*. Plaintiff asserts that on the night of the Broadcast, Rivals Sports Grill, LLC ("the Establishment") illegally received and exhibited the Broadcast without paying the sub-license fee to Plaintiff. *Id.*

On May 12, 2014, Plaintiff filed suit against the Defendants in this Court. *R. 1*. Plaintiff alleges that Douglas and Lori Guillory owned and operated Rivals on May 12, 2014. *Id.* Plaintiff asserts that Defendants' unauthorized interception and exhibition of the Broadcast violated sections 553 and 605 of the Federal Communications Act, 47 U.S.C. §§ 503 and 605. *Id.*

Summons were issued to each defendant on May 12, 2014. *R. 3*. All summons were returned executed on June 3, 2014. *R. 4,5, 6*. The summons provided: "Within the time required by law, normally 21 days after service of this summons on you (not counting the day

you received it), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure." *Id.* No answer or motion was filed by any of the defendants within this time period. On July 15, 2014, Joe Hand filed a Motion for Entry of Default as to all defendants, R. 7, and the Clerk of Court filed a "Notice Of Entry Of Default" into the record against Defendants on July 16, 2014, R. 8.

*Default Standard*

Under Federal Rule of Civil Procedure 55(b), the court may enter a default against a party if it fails to plead or otherwise respond to the plaintiff's complaint within the required time period. A plaintiff who seeks a default judgment must first petition the court for the entry of default and show "by affidavit or otherwise" that the defendant "has failed to plead or otherwise defend." Fed.R.Civ.P. 55(a). Once default has been entered, the plaintiff's well-pleaded factual allegations are deemed admitted. *Meyer v. Bayles*, 559 Fed.Appx. 312, at *1 (5th Cir. 2014) (citing *Nishimatsu Const. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975)). At the same time, the defaulting defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Nishimatsu*, 515 F.2d at 1206.

Damages must be proven by a hearing or a demonstration of detailed affidavits establishing the necessary facts. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir.1979). If the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 311 (5th Cir.1993). When deciding a motion for default judgment, the court should consider multiple factors including whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obligated to set

2

aside the default on the defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir.1998).

*Analysis*

A person violates § 605 when he "intercept[s] any radio communication ... or receive[s] or assist[s] in receiving any interstate or foreign communication by radio and use[s] such communication ... for his own benefit or for the benefit of another not entitled thereto." 47 U.S.C. § 605(a). Similarly, one violates § 553 by "intercept[ing] and receiv[ing] or assist[ing] in intercepting or receiving any communications service offered over a cable system" without authorization. 47 U.S.C. § 553(a)(1). The unauthorized interception of satellite or cable transmissions violates both §§ 553 and 605. *Entm't by J & J, Inc. v. Al–Waha Enters.*, 219 F.Supp.2d 769, 774 (S.D.Tex.2002).

Plaintiff alleges that "Defendants, or agents, servants and/or employees of Defendants intercepted and received or assisted in the interception and receipt of the live telecast of the Event to patrons at Rivals for viewing therein." As provided by the pleadings, the Establishment is a limited liability company ("LLC"), and Douglas and Lory Guillory are its "officers, directors, shareholders and/or principals." R. 1. Under Louisiana law, an LLC is a juridical person and is generally treated as separate from its members. *See Ogea v. Merritt*, 130 So.3d 888, 894-895 (La.2013); La. Civ.Code art. 24. Additionally, members of an LLC are immune from liability for the LLC's debts, obligations, and liabilities. *See* La. R.S. § 12:1320(B). However, this limited liability for members is subject to certain exceptions. *See* La. R.S. § 12:1320(D). Members of an LLC can be liable in their individual capacity if they commit fraud, breach a professional duty, or perform a negligent or wrongful act against another. *See id.*; *Ogea* at 897. To lose their limited liability, members of an LLC must perform an act that either is outside their capacity as a member or, if done as a member, "also

3

violate(s) some personal duty owed by the individual to the injured party." *See Petch v. Humble*, 939 So.2d 499, 504 (La.App.2d Cir.2006). While Plaintiff's pleadings and supporting documents provide sufficient factual allegations to establish that the Establishment did intercept and exhibit the Program without authorization, Plaintiff fails to allege any act or acts by Douglas Guillory and/or Lory Guillory, individually. Thus default judgment is appropriate only as to Rivals Sports Grill, LLC and the Court will determine damages as follows.

A party aggrieved under § 605 may elect to recover either actual or statutory damages. 47 U.S.C. § 605(e)(3)(C)(I). An award of statutory damages must be between $1,000 and $10,000, as the court considers just. *Id.* 47 U.S.C. § 605(e)(3)(C)(i)(II). Further, in cases where the violation was committed willfully and for purposes of commercial advantage, the court may in its discretion increase the award of damages by an amount not greater than $100,000. *Id.* 47 U.S.C. § 605(e)(3)(C)(i)(II)(ii).

Plaintiff has elected to seek statutory damages and requests the maximum amount of $10,000. In its Memorandum Supporting Default Judgment, *R. 9*, Plaintiff argues that it would be impossible to calculate the full extent of lost profits and additional damages suffered because of Defendant's actions. To support its claim for damages, Plaintiff attached an affidavit from its President, Joe Hand, Jr., explaining the serious threat that this sort of conduct poses to the industry. *R. 9-2*. Courts have awarded various amounts of statutory damages for similar conduct. *Joe Hand Promotions, Inc. v. Plummer* 2014 WL 3749148 (N.D.Miss.,2014) (awarding base statutory damages of $3,000); *Joe Hand Promotions, Inc. v. Armijo*, 2014 WL 1761709 (W.D.Tex.,2014) (awarding base statutory damages of $3,600); *Joe Hand Promotions, Inc. v. Alima*, 2014 WL 1632158 (N.D.Tex., 2014) (awarding base statutory damages of $5,000); *Joe Hand Promotions, Inc. v. Ashby* 2014 WL 1330027

4

(E.D.La.,2014) (awarding statutory damages of $4,800); *Joe Hand Promotions, Inc. v. Bonvillain* 2013 WL 5935208 (E.D.La.,2013) (awarding base statutory damages of $1,925). As stated by Plaintiff, one purpose of statutory damages is to deter this type of conduct. By imposing only minimal statutory damages or only requiring Defendant to pay the licensing fee he should have previously paid, Defendant would have no motivation to refrain from continuing the unauthorized conduct. In addition, this conduct harms Plaintiff's business and decreases profits. Considering the need to deter future similar conduct and that the commercial sub-license fee alone in this case would have been $1600, the Court finds that a flat penalty of two times the license fee, or $3200, is a just amount under the circumstances, and is comparable with awards in similar cases. *See Bonvillain*, 2013 WL 5935208, at *2 (E.D.La.,2013) (J.Africk) (finding award of approximately twice the license fee to be a "just amount under the circumstances").

In addition, Plaintiff has requested enhanced damages pursuant to § 605 for willful violation. 47 U.S.C. § 605(e)(3)(C)(i)(II)(ii). Plaintiff cannot provide affirmative evidence that Defendant willfully violated § 605; however, Joe Hand Jr.'s affidavit states that "our programming is not and cannot be mistakenly, innocently, or accidentally intercepted." An award of enhanced damages rests within the court's discretion. 47 U.S.C. § 605(e)(3)(C)(i)(II)(ii). Considering Plaintiff's evidence, the small size of the crowd viewing the Program, and the fact that there is no evidence that Defendant, Rival, was a repeat offender, the Court finds $4,800 in statutory damages is sufficient and declines to award enhanced damages.

Finally, under § 605, the court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii). In its Motion, Plaintiff requests $1,500 in attorneys' fees and $800 in costs.

Because, however, Plaintiff has failed to provide any support in the record for costs and attorneys' fees, the Court is unable to award costs and reasonable attorneys' fees. *See Joe Hand Promotions, Inc. v. Bryson*, 2013 WL 5743710, *2 & n. 3. (D.S.C., 2013) (declining to award attorney's fees based on insufficient support); *Joe Hand Promotions, Inc. Krist*, 2013 WL 3756439, *3 (W.D.Pa., 2013) (declining to award attorney's fees or costs based on insufficient support).

### *Conclusion*

For the foregoing reasons, Plaintiff's Motion for Default Judgment, *R. 9*, will be GRANTED IN PART and DENIED IN PART and the Court will award Plaintiff a total of $3,200, as follows,

**IT IS ORDERED** that Plaintiff's request for statutory damages is **GRANTED** in the amount of $3,200.00.

**IT IS FURTHER ORDERED** that Plaintiff's request for enhanced damages is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's request for attorneys' fees and costs is **DENIED**

**THUS DONE AND SIGNED** in Lafayette, Louisiana, on this 17th day of September, 2014.

Richard T. Haik, Sr.
United States District Judge